UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LORA PETTIFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:22-cv-285-CLC-MJD |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Lora Pettiford's unopposed motion for approval of attorney's fees under 42 U.S.C. § 406(b) [Doc. 24]. Plaintiff seeks a fee award in the amount of $21,354.43.[1] The Commissioner of Social Security ("Commissioner") filed a response stating he has no opposition to the motion for fees as requested [Doc. 27]. This matter is now ripe.

I.   BACKGROUND

According to the administrative record in this case [Doc. 9 ("Tr.")], Plaintiff filed an application seeking Social Security benefits in May 2018, alleging disability beginning May 12, 2017. Plaintiff's claim was denied by an Administrative Law Judge ("ALJ") on December 6, 2019 (Tr. 135). The Appeals Council granted Plaintiff's request for review and remanded her claim on September 4, 2020, with instructions to the ALJ to obtain additional evidence, further evaluate Plaintiff's symptoms, and to give "further consideration" to Plaintiff's "maximum residual functional capacity" (Tr. 157). The ALJ issued a second decision on June 22, 2021, again denying

---

[1] Plaintiff was previously awarded $7,500 in fees pursuant to the Equal Access to Justice Act. Consequently, in the instant motion, Plaintiff seeks a net payment of $13,854.43, for a total fee award of $21,354.43 [*see* Doc. 24 at Page ID # 1451].

Plaintiff's claim (Tr. 12). This time, the Appeals Council denied Plaintiff's request for review, and the denial became the Commissioner's final decision (Tr. 1). Plaintiff then appealed the unfavorable decision to this Court. On March 16, 2023, the parties filed a joint motion asking the Court to remand the ALJ's unfavorable decision for further administrative proceedings, including issuing a new decision on Plaintiff's claim, pursuant to sentence four of 42 U.S.C. § 405(g) [Doc. 18]. The Court granted the joint motion and remanded the case to the Social Security Administration as requested [Doc. 19]. On remand, the ALJ issued a fully favorable determination on Plaintiff's claim and she was awarded past-due benefits as of July 2019 [Doc. 24; Doc. 24-1].

Plaintiff was represented on a contingency fee agreement, which provides that if Plaintiff's claim was approved prior to the Appeals Council level, counsel would be entitled to 25% of any past-due benefits, not to exceed $6,000 [Doc. 24-2]. If Plaintiff's proceeded past the Appeals Council level, as it did in this case, the fee agreement provides that counsel is entitled to 25% of any past-due benefits awarded to Plaintiff with no cap [*id.*].

Plaintiff was awarded past-due benefits in the amount of $85,417.70 [Doc. 24-1 at Page ID # 1458]. Twenty-five percent of this figure equals $21,354.43. Plaintiff was already awarded $7,500 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 23]. Accordingly, she currently seeks an award for attorney fees in the amount of $13,854.43 [Doc. 24], but the overall total award she seeks equals $21,354.43.

In support of the motion, Plaintiff has submitted the Notice of Award from the Social Security Administration ("SSA") [Doc. 24-1], a copy of the fee agreement between herself and counsel [Doc. 24-2], and a sworn statement from counsel describing his qualifications and listing the hours spent and tasks performed on Plaintiff's case [Doc. 24-3]. The statement indicates

counsel spent 39.4 hours on Plaintiff's case. The Commissioner filed a response indicating she "neither supports nor opposes counsel's request for attorney's fees in the amount of $21,354.43, under 42 U.S.C. § 406(b)." [Doc. 27].

## II. ANALYSIS

The Social Security Act allows a claimant to receive a reasonable attorney's fee, but no more than 25 percent of her past-due benefits, when she receives a favorable judgment. 42 U.S.C. § 406(b)(1). A judgment ordering either the award of benefits or a remand may be considered "favorable" within the meaning of the statute, so long as the claimant is awarded benefits "by reason of" the judgment. *Id.*; *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

The Court must independently determine whether the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2022). The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

The record does not reflect any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. Indeed, counsel achieved a favorable result for his client, after two previous denials by the ALJ.

As for whether the requested fee would constitute an undeserved windfall for counsel due to the attorney's minimal effort, the Sixth Circuit holds that where the amount requested divided by the number of hours expended is "less than twice the standard rate for such work in the relevant market," the requested fee is *per se* reasonable. *Hayes*, 923 F.2d at 422. The court elaborated:

> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point . . . below which a district court has no basis for questioning . . . the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.
>
> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended." *Rodriquez*, 865 F.2d at 746. Nothing in this opinion is intended to limit the discretion vested in district courts to make deductions for improper attorney conduct or ineffectiveness of counsel. *See Rodriquez*, 865 F.2d at 746.

*Hayes*, 923 F.2d at 422.

In this case, as mentioned, counsel seeks $21,354.43 in fees. This equals 25% of Plaintiff's backpay award and is therefore the maximum award allowed under § 406(b). Counsel's sworn statement indicates he spent 39.5 hours of attorney time on this case, making the effective rate $542/hour. Neither Plaintiff nor the Commissioner cite to any authority indicating the standard

4

rate in the relevant market. Counsel indicates his customary non-contingency hourly rate is $595, and he "expect[s] to be paid at a fair higher hourly rate for contingent fee matters which bear considerable risk of non-recovery." [Doc. 24 at Page ID # 1452]. However, the record reflects counsel's office is located in Philadelphia, and he does not attempt to demonstrate that rates charged in Philadelphia are similar to those charged in the Eastern District of Tennessee. Counsel cites to "The Fitzpatrick Matrix" and a fees matrix developed by the United States Attorney's Office for the District of Columbia [*see* Doc. 24 at Page ID # 1452], but neither of these documents is particularly helpful. Both appear to reflect rates in the District of Columbia market, and the Fitzpatrick Matrix in particular appears to be limited to rates applicable in complex litigation cases.

Nevertheless, the Eastern District of Tennessee has issued § 406(b) awards with hourly rates in excess of $542 in contingency fee SSA cases. *See Lee v. Kijakazi*, No. 2:20-cv-240-DCP, 2023 WL 5601861, at *2 (E.D. Tenn. Aug. 29, 2023) (effective hourly rate of $1,000 in case where fee request was less than 25% of past due benefits); *Johnson v. Colvin*, No. 1:12-cv-66, 2015 WL 412611, at *1-3 (E.D. Tenn. Jan. 30, 2015) (effective hourly rate of $875); *Jagdeo v. Kijakazi*, No. 3:17-CV-469-JRG-DCP, 2022 WL 571547, at *3 n.4 (E.D. Tenn Feb. 1, 2022) (noting the "prevailing market rate for representing Social Security disability claimants is generally $200–$300 per hour" in the Eastern District of Tennessee (citations omitted)). Accordingly, while on the high end, the requested hourly rate is not necessarily more than double the standard rate for the Eastern District of Tennessee.

There are additional factors present in this case which demonstrate the requested award is not a windfall. First, counsel indicates he is "a nationally recognized leading disability attorney with nearly 25 years of experience" [Doc. 24 at Page ID # 1452]. Second, as a result of his efforts,

5

Plaintiff is not only entitled to past due benefits, but also to future benefits [*see* Doc. 24-1]. Finally, counsel achieved this result after Plaintiff received two unfavorable determinations with prior counsel.

There was some delay between the issuance of Plaintiff's Notice of Award, on July 18, 2024, and counsel's application for § 406(b) fees, on October 27, 2024. Counsel implies any delay is attributable to the fact that the SSA did not send him a copy of the Notice of Award; rather "counsel was just able to obtain a copy on his own." [Doc. 24 at Page ID # 1450]. The Commissioner does not dispute counsel's assertion. More importantly, it does not appear the delay in seeking an award of fees caused any increase in Plaintiff's back pay award (which, in turn, would increase counsel's fee award). *See Gisbrecht*, 535 U.S. at 808 ("if the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.").

Accordingly, the Court **FINDS** the fee request is reasonable, and does not amount to a windfall to counsel. *See Neeley v. Kijakazi*, No. 2:21-CV-21, 2023 WL 6295485, at *3 (E.D. Tenn. May 26, 2023) (finding an effective hourly rate of $611.75 did not constitute a windfall). In addition to the foregoing, the Commissioner has not objected to, or identified any reason to doubt, the reasonableness of the fee request.

### III. CONCLUSION

For the reasons set forth herein, I **RECOMMEND**[2] that Plaintiff's unopposed motion for approval of attorney's fees under 42 U.S.C. § 406(b) [Doc. 24] be **GRANTED** and the fee award

---

[2] Any objections to this report and recommendation must be served and filed within fourteen days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure

6

in the amount of $21,354.43 be **APPROVED**. Given that counsel has already received EAJA fees in the amount of $7,500, the net payment to counsel from Plaintiff's withheld back pay benefits should equal $13,854.43.

ENTER:

  
_____  
MIKE DUMITRU  
UNITED STATES MAGISTRATE JUDGE

---

to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).